**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**J. Loren BROOKS, Defendant—
Appellant.**

**No. 01–30005.**

**D.C. No. CR–99–00085–JDS.**

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 14, 2001 *.

Decided Oct. 31, 2001.

Before KOZINSKI and GOULD, Circuit Judges, and SCHWARZER,** Senior District Judge.

MEMORANDUM ***

Brooks appeals his conviction for concealing a material fact on a matter within the jurisdiction of the United States Department of Agriculture. 18 U.S.C. § 1001(a)(1). He argues that there is insufficient evidence to support his conviction.[1] "We review sufficiency of evidence challenges to determine whether viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Herrera–Gonzalez*, 263 F.3d 1092, 1095 (9th Cir.2001) (citations

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. Brooks also argues that the district court erred in rejecting his proffered jury instructions as to reliance and good faith. We reject that argument. *See United States v. Lorenzo*, 995 F.2d 1448, 1455 (9th Cir.1993) (stating that "18 U.S.C. § 1001 does not ordinarily invite the use of a good faith instruction").

and internal quotation marks omitted). We affirm.

The government charged that Brooks violated 18 U.S.C. § 1001(a)(1) when, in a letter to the Farm Services Administration (FSA), he misrepresented the value of the ranch he sold and the proportions of the total sale price attributable to Brooks and to his son-in-law, Bishop.

Section 1001(a)(1) provides in pertinent part that

[W]hoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully—

(1) falsifies, conceals, or covers up by any trick, scheme, or device a material fact;

. . .

shall be fined under this title or imprisoned not more than five years, or both. 18 U.S.C. § 1001(a)(1) (2001); *see also Bryson v. United States,* 396 U.S. 64, 90 S.Ct. 355, 24 L.Ed.2d 264 (1969).

Brooks challenges the sufficiency of the evidence to prove that he violated § 1001(a)(1) by concealing a material fact. A fact is material under 18 U.S.C. § 1001(a)(1) if it is *"capable* of influencing or affecting a federal agency." *United States v. Service Deli, Inc.,* 151 F.3d 938, 941 (9th Cir.1998) (emphasis in original).

There was sufficient evidence that Brooks' apportionment of the sale price of his ranch between himself and Bishop misrepresented the values of their respective contribution. Testimony from one of Brooks' former employees showed that Brooks owned many of the cattle that Brooks attributed to Bishop. Other testimony supported that Brooks overvalued

Indian leases that were included in the sale and attributed to Bishop. Other evidence suggested that Brooks' estimate of the worth of Bishop's house was much more than its appraised value. There was also evidence that the FSA relied on Brooks' letter in deciding to release Brooks from further liability on his debts to the FSA.

A rational jury could determine, based on that evidence, that Brooks knowingly concealed a material fact (*i.e.,* his portion of the sale price of the ranch) from the FSA.

AFFIRMED.